# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

    Plaintiff,    :    Case No. 1:11-cr-099
                                          Also Case No. 1:13-cv-123

                                          Chief Judge Susan J. Dlott
    -vs-                            Magistrate Judge Michael R. Merz
                              :

RODNEY RIDDLE,

    Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION TO WITHDRAW PLEA

    This case is before the Court on Defendant's Motion to Dismiss and to Withdraw Guilty Plea (Doc. No. 71). The Motion was filed *pro se* by Mr. Riddle at a time when he was represented by Assistant Federal Public Defender Richard Smith-Monahan.

    A party represented by counsel may not file papers *pro se*. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, 2007 WL 2815563 (W.D. Tenn. 2007)(Breen, J.); *see also United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987)*; United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006). ). There is no constitutional right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Followed in *State v. Taylor,* 98 Ohio St. 3d 27, 2002-Ohio-7017 at Par. 43 (2002).

1

The Motion to Dismiss or Withdraw Plea should therefore be denied without prejudice as improperly filed.

July 18, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).