IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

       Plaintiff,              :          Case No. 1:11-cr-099
                                                   Also Case No. 1:13-cv-123

                                                   Chief Judge Susan J. Dlott
     -vs-                                       Magistrate Judge Michael R. Merz
                                           :

RODNEY RIDDLE,

       Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This case is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 131).

As a legal basis for filing the Motion, Riddle claims is it a "factual 12(b)(1) motion." *Id.* at PageID 990. That reference is to Fed. R. Civ. P. 12(b)(1) which allows a motion to dismiss a civil case to be made before a responsive pleading is filed. This, of course, is a criminal case, not a civil one, and there is no occasion for a defendant in a criminal case to file a "responsive pleading." Instead, a defendant is called upon at arraignment to plead to the indictment. There is no provision in the Federal Rules of Criminal Procedure for filing a post-judgment motion to dismiss for lack of subject matter jurisdiction except for a motion to vacate under 28 U.S.C. § 2255.

Riddle has already filed a § 2255 Motion which is now pending on the Magistrate Judge's Supplemental Report and Recommendations recommending dismissal with prejudice

1

(Doc. No. 130). Riddle may not file what amounts to a second § 2255 motion without prior approval of the Sixth Circuit Court of Appeals which he has neither sought nor obtained. See 28 U.S.C. § 2255(h).

In any event, Riddle's Motion is without merit. United States District Courts have original subject matter jurisdiction of all alleged violations of federal criminal law. The Indictment in this case charges only violations of federal criminal law. Riddle's argument in his Motion appears to revolve entirely around his statute of limitations argument which has been thoroughly vetted by this Court and decided against him. Riddle waived his opportunity to argue those claims further when he voluntarily dismissed his appeal.

The Motion should be denied.

September 20, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).