**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

UNITED STATES OF AMERICA,

    Plaintiff,     :      Case No. 1:11-cr-099
                                               Also Case No. 1:13-cv-123

                                               Chief Judge Susan J. Dlott
    -vs-                                  Magistrate Judge Michael R. Merz
                                             :

RODNEY RIDDLE,

    Defendant.

---

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 139). On the Court's Order for Amended Answer (Doc. No. 143), the United States has filed a Response (Doc. No. 144) and Riddle has filed a Reply (attached as Exhibit 1 to Doc. No. 149). As noted by Chief Judge Dlott, the Amended Motion to Vacate is now ripe for a report and recommendations (Order, Doc. No. 155).

In the Amended Motion, Riddle pleads the following Grounds for Relief:

**Ground One:** Ineffective Assistance of Counsel at the Trial Level

**Supporting Facts:**

A. Counsel failed to note objection at time of Plea Hearing held on 1/5/2012 that the United States lacked subject matter jurisdiction to pursue wire fraud claim pursuant to Title 18 U.S.C. § 1343 because "All of the aforementioned conduct occurred in the Southern District of Ohio."

B. Counsel failed to object at the Plea Hearing held on 1/5/2012 that Count 3, wire fraud, was beyond the 5 year statute of

1

>limitations because there was no evidence that the alleged fraud against First Franklin had an "affect" on National City Bank its parent company within the meaning of § 3293 governing statute of limitation period for wire fraud. Counsel never discussed nor advised Riddle of the foregoing enabling him to make a knowing and intelligent decision to plead guilty.
>
>C. Counsel failed to object at the time of Plea Hearing held on 1/5/2012 that Riddle was actually and factually innocent of bank fraud and failed to obtain the documentation that established his innocence to the charge.
>
>D. Counsel failed to object and move to dismiss the indictment dated 8/3/2011 when the indictment contained allegations based on conduct that was different from the conduct that was articulated in a prior cooperation agreement signed by the Government on 6/26/2007 and the agreement limited the charges that may be alleged by the Government to the specific conduct in the statement of facts attached to the 6/27/2007 agreement itself.
>
>**Ground Two:**  Ineffective Assistance of Counsel at Appellate Level
>
>**Statement of Facts**: The Appellate representative withdrew Riddle's Appeal without advising Riddle that the issues of subject matter jurisdiction, statute of limitations, and actual innocence are properly brought on direct appeal.

(Amended Motion, Doc. No. 139, PageID 1041-42.)

**Generally Applicable Law**

Both of Riddle's claims are grounded in his right to effective assistance of counsel under the Sixth Amendment, both at the trial and appellate levels. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

>A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel

2

> was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636

(6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986).

"To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir, 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Appellate counsel is not ineffective for failure to predict the development of the law. *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010), *citing Lott v. Coyle,* 261 F.3d 594, 609 (6th Cir. 2001)(not ineffective assistance of appellate

counsel to fail to anticipate *State v. Foster* in an appellate district which had ruled the other way.) *Accord, Carter v. Timmerman-Cooper*, 2010 U.S. App. LEXIS 10549 (6th Cir. 2010).

## Analysis

**Ground 1(A):  Subject Matter Jurisdiction**

In Ground 1(A) Riddle claims he received ineffective assistance of trial counsel when his trial attorney did not object at the plea colloquy that the United States did not have subject matter jurisdiction over the wire fraud charge made in Count 3 of the Indictment, one of the counts to which Riddle pled guilty.

Riddle's trial attorney, Richard Smith-Monahan, made this argument about a month after the Indictment was returned when he moved to dismiss the wire fraud counts because "the indictment does not allege that the wire traveled in interstate commerce."  (Motion, Doc. No. 13, PageID 69.)  Chief Judge Dlott denied the Motion to Dismiss in an Order filed December 23, 2011 (Doc. No. 23, PageID 205).  Thus Riddle's trial attorney did make the argument he is accused of omitting.

Riddle argues in his Reply that the subject matter jurisdiction argument should have been resurrected at the plea colloquy because only then did the defense have the facts of record that show there was no subject matter jurisdiction (Reply, Doc. No. 149-1, PageID 1122-25).

This argument is mis-cast as a lack of subject matter jurisdiction argument because the Court plainly has subject matter jurisdiction over wire fraud offenses under 18 U.S.C. § 1343. Riddle's real argument is that the Statement of Facts does not support a finding of a violation of

5

that statute insofar as it requires an interstate transmission.

In part Riddle relies on asserted deficiencies in the Plea Agreement (*Id.* at PageID 1122). It does not, he says, make an assertion "that Riddle caused, directly or indirectly a wire transmission from one sovereign to another sovereign." *Id.* While that is correct, it is immaterial. The Plea Agreement says Riddle will plead guilty to Count Three of the Indictment charging him with wire fraud and that count of the Indictment includes the required allegation of transmission in interstate commerce.

In part Riddle relies on asserted deficiencies in the Elements of Offense (Doc. No. 28, PageID 251), noting that ¶ 4 says "That such act or acts occurred on or about the dates alleged in the Indictment in the Southern District of Ohio." Riddle ignores the language in ¶ 3 which says he made a transmission "in interstate commerce." That phrase was included in the recitation of elements by Assistant United States Attorney Berry (Tr. Doc. No. 35, PageID 308). Riddle is incorrect in stating that Postal inspector Lisa Fitzpatrick testified at the plea colloquy. In fact, she merely read the Statement of Facts into the record. *Id.* at PageID 310-12.

It is true that the Statement of Facts, both as printed and as read, does not include the proposition that a wire transmission was made in interstate commerce. But as documented in the Government's Response, the prosecutor had evidence which was produced in discovery which showed a transmission in interstate commerce from First Franklin in Minnesota to Jet Title in Ohio (Response, Doc. No. 144, PageID 1091). Those documents had not disappeared as of the time of the plea colloquy. Had Riddle's trial attorney stopped the plea colloquy and raised this point, the Government could readily have produced them.

Because there was proof of interstate transmission available, it was neither deficient performance nor prejudicial for trial counsel to fail to raise the subject matter jurisdiction claim.

Ground for Relief 1(A) is without merit.

**Ground 1(B): The Statute of Limitations**

Riddle's second claim is that his trial attorney provided ineffective assistance by not raising at the plea hearing the claim that conviction on Count Three was barred by the statute of limitations "because there was no evidence that the alleged fraud against First Franklin has an 'affect' [sic] on National City Bank, its parent company, within the meaning of § 3293 governing statute of limitations on wire fraud." (Reply, Doc. No. 149-1, PageID 1125.)

Riddle makes a long argument that National City Bank just owned First Franklin's stock and stock ownership alone is insufficient to prove an effect. The argument contains a long recitation of facts about the relationship between First Franklin and National City Bank which is not supported in any way by reference to the record in this case or indeed by reference to any evidence at all (Reply, Doc. No. 149-1, PageID 1126-30.)

As to the law, Riddle relies on several lengthy quotations from *United States v. White*, 882 F.2d 250 (7th Cir. 1989)(Posner, J[1].) But the statute involved in that case was 18 U.S.C. § 1014 which makes it criminal to make false statements to an FDIC-insured national bank. The Seventh Circuit held there was no proof White, by making false statements to a subsidiary, intended to influence the bank. In contrast, there is no requirement in the wire fraud statute to prove intent to affect a financial institution.

As the Government points out in its Response, Riddle's trial attorney made the statute of limitations argument in an initial motion to dismiss (Doc. No. 12). After that motion was denied,

---

[1] Riddle refers to Richard Posner as "Justice Posner." However felicitous such a promotion would be, it is unlikely Judge Posner will be nominated to or confirmed for the United States Supreme Court.

he negotiated to preserve Riddle's right to raise the claim on direct appeal (See Plea Agreement, Doc. No. 26, PageID 245). Despite that reservation, Riddle voluntarily dismissed his appeal and thus has procedurally defaulted on the underlying claim that the indictment was barred by the statute of limitations.

Moreover, the admitted facts at the time of plea negate the statute of limitations defense. Riddle admitted that his wire fraud affected a financial institution insured by the FDIC. The Statement of Facts expressly says so and Riddle admitted that the Statement of Facts was true.

It cannot be ineffective assistance of trial counsel to fail to raise an argument which has already been rejected by the Court and which is negated by the negotiated Statement of Facts. Riddle Grounds 1(B) is without merit.

**Ground 1(C) Actual Innocence**

Riddle claims he is actually innocent of bank fraud and his attorney failed to obtain the documentation to prove his innocence (Reply, Doc. No. 149-1, PageID 1130-41). He bases his claim on many pages of documentation attached to the Reply. *Id.* at 1152-97. In addition to the facts derivable from the documents, there are numerous factual assertions made in the body of this argument which have no evidentiary foundation in the record at all. Riddle has made no request to expand the record under Rule 7 of the Rules Governing § 2255 Motions nor has he tendered any affidavit of his own as to the facts he recites.

The documents that are attached, assuming they could show Riddle was actually innocent, are not newly discovered; they all appear to be documents which were in Riddle's possession in 2005 and up to the time he pleaded guilty. Thus he could have given his attorney

the documents, persisted in his not guilty plea, and gone to trial. His attorney cannot credibly be accused of ineffective assistance for not discovering and using documents of which Riddle knew at the time he decided to waive his right to trial and plead guilty.

Riddle seems to view his Plea Agreement as a one-way ratchet: once he had gotten the Government to agree to dismiss most of the charges, he seems to think his attorney could then have proven him not guilty of the charges to which he had agreed to plead guilty. Federal criminal litigation does not work that way. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Ground for Relief 1(C) is without merit.

**Ground 1(D)  Breach of the 2007 Plea Agreement**

Riddle asserts his counsel was ineffective for not holding the United States to the plea agreement it made with Riddle in 2007 (Reply, Doc. No. 149-1, PageID 1141-47.) Riddle ignores the fact that Chief Judge Dlott expressly held that the 2007 agreement was not enforceable (Order, Doc. No. 23, PageID 215-16.) It cannot have been ineffective assistance of trial counsel to have failed to argue at the plea colloquy that the 2007 agreement was enforceable when the Court had already ruled it was not. Ground for Relief 1(D) is without merit.

**Ground Two  Ineffective Assistance of Appellate Counsel**

Riddle argues he received ineffective assistance of appellate counsel because his appellate attorney dismissed his appeal "without advising Riddle that the issues of subject matter jurisdiction,

9

statute of limitations, and actual innocence are properly brought on direct appeal."

As noted above, the *Strickland* standard applies to claims of ineffective assistance of appellate counsel. Under Strickland, it is appropriate for the Court to decide the prejudice prong of Strickland first if that is dispositive. In this case it is. In the Plea Agreement, Riddle waived his right to appeal except for the statute of limitations issue and other possible claims not now in issue (Plea Agreement, Doc. No. 26, PageID 245) In particular, Riddle did not reserve the right to appeal on the question whether the Statement of Facts included that he had made or caused to be made an interstate wire transmission or his purported actual innocence. And, as shown above, the statute of limitations argument is without merit, so it could not have resulted in a reversal on appeal. Ground Two is without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Defendant's Amended Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

May 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).