# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

       Plaintiff,                  :        Case No. 1:11-cr-099
                                                           Also Case No. 1:13-cv-123

                                                           Chief Judge Susan J. Dlott
    -vs-                                              Magistrate Judge Michael R. Merz
                                              :

RODNEY RIDDLE,

       Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (Doc. No. 158) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 156). The United States has filed a Response to the Objections (Doc. No. 160) and Chief Judge Dlott has recommitted the Report to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 159).

Riddle has filed a twenty-page Reply to the Government's Response (Doc. No. 161). Neither the Federal Rules of Civil Procedure nor the Magistrate's Act provide for such a filing, nor did Riddle seek court permission to file a reply. Accordingly, the Reply is STRICKEN.

The Report is directed to Riddle's Amended Motion to Vacate (Doc. No. 139) which raises two Grounds for Relief: Ground One raises four claims of ineffective assistance of trial counsel and Ground Two raises one claim of ineffective assistance of appellate counsel. The Report recommends dismissing all of these claims with prejudice.

1

**Ground 1(A).  Failure to Object to Lack of Subject Matter Jurisdiction**

Riddle claims the District Court had no jurisdiction over the wire fraud claim to which he pled guilty because there was no proof of an interstate transaction and his counsel was ineffective for failing to raise this argument.  The Report noted that counsel had raised the argument early in the case and it would have been unavailing to raise it again at the plea colloquy because the Government had readily available proof of a relevant interstate transaction (Report, Doc. No. 156, PageID 1228-30).

In his Objections, Riddle writes "[t]he narrow issue raised is the fact that there were no facts in the indictment, plea agreement (2011), or the Rule 11 plea hearing held on January 5, 2012, that support a finding that a wire was transmitted in interstate commerce enabling invocation of Title 18 U.S.C. § 1343."  (Objections, Doc. No. 158, PageID 1238.)

Riddle is incorrect:  the issue on Ground 1(A) is whether his trial attorney was ineffective for failing to raise this issue again at the plea colloquy, having unsuccessfully raised it earlier. Riddle makes no response to the finding in the Report that raising the claim again would have made no difference because the Government had available proof of an interstate transaction.

**Ground 1(B):  Statute of Limitations**

Riddle claims in Ground 1(B) that his attorney provided ineffective assistance by not raising, at the plea hearing, that the statute of limitations had expired on the alleged fraud against First Financial.  The Report concluded this claim was without merit because the District Court had already found the statute of limitations was satisfied and the plea agreement reserved this claim for appeal, but the appeal was voluntarily dismissed without awaiting a decision on the

merits (Report, Doc. No. 156, PageID 1230-31).

In his Objections, Riddle argues as if the question before the Court were whether the statute of limitations had run because the Government had not proven the transaction in question affected a financial institution (Objections, Doc. No. 158, PageID 1241-46). The underlying claim is not at issue on the Amended Motion to Vacate. Rather the claim is that the trial attorney was ineffective for not raising this claim again at that point. Riddle does not respond to the finding in the Report that his trial attorney did raise this claim pretrial and also preserved it for appeal, but Riddle abandoned the appeal. He also fails to mention that the Statement of Facts admits the required effect.

**Ground 1(C)  Actual Innocence**

In Ground 1(C), Riddle claims he is actually innocent of bank fraud and claims his attorney provided ineffective assistance in failing to gather and present the required documentation.

The Report recommended dismissing this claim because none of the documentary evidence on which Riddle relies was unknown to him at the time he pled guilty and, in doing do, admitted his guilt. The Report notes that most of the documentation on which Riddle relies is not in the record, and he tries to turn this to his advantage by saying his attorney should have submitted it. But Riddle misunderstands the plea process. One cannot plead guilty and then enter documentary evidence into the record in an attempt to prove one is not guilty. Instead, a plea of guilty is an admission of guilt which bars a defendant from proving actual innocence. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's

right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Moreover, actual innocence alone is not a basis for habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390 (1993).

> Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Supreme Court has twice suggested that a "truly persuasive demonstration" of actual innocence would render a petitioner's execution unconstitutional. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

*Raymond v. Sheets*, 2012 U.S. Dist. LEXIS 160374, *26-27 (S.D. Ohio Nov. 8, 2012). A defendant who can show actual innocence may be able thereby to avoid a procedural default on some other constitutional claim, but he is not entitled by proving actual innocence to set aside a judgment. Moreover, because the evidence on which Riddle relies was already available to him at the time of trial, it would not be admissible even to prove "gateway" actual innocence. *House v. Bell, supra; Schlup v. Delo*, 513 U.S. 298 (1995).

**Ground 1(D)  Breach of the 2007 Plea Agreement**

In Ground 1(D) Riddle asserts his counsel provided ineffective assistance in not holding the Government to the plea agreement it made with Riddle in 2007. The Report rejected this claim because Chief Judge Dlott had already found that that agreement was not enforceable (Report, Doc. No. 156, PageID 1232).

Riddle seems to be arguing that his counsel could have made a successful effort to

4

enforce the 2007 agreement by proving Riddle had relied on it to his detriment. Riddle explains that the 2007 Agreement would have been favorable to him because the conduct which he agreed to plead guilty to was "NON-criminal conduct." That explains what Riddle lost by non-enforcement, but it does not explain what his supposed detrimental reliance was. Although Riddle asserts that he fully cooperated with the Government, there certainly came a point at which he refused to cooperate further, thus avoiding the terms of the 2007 Agreement.

At the time Chief Judge Dlott was considering the 2007 Agreement, it was Riddle who was seeking to hold the agreement unenforceable (See Order, Doc. No. 23, PageID 212). Having won on that point, Riddle is barred by judicial estoppel from asserting the contract is enforceable. The doctrine of judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding. *Warda v. Commissioner of Internal Revenue*, 15 F.3d 533, 538 (6th Cir. 1994).

> The doctrine of judicial estoppel "forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" *Griffith v. Wal-Mart Stores*, 135 F.3d 376, 380 (6th Cir. 1998), quoting *Teledyne Indus., Inc. v. Nat'l Labor Relations Bd.*, 911 F.2d 1214, 1217 (6th Cir. 1990). Courts apply judicial estoppel in order to "preserve[] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment." *Id*. quoting *Teledyne*, 911 F.2d at 1218. The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court. *Id*.

*Wells Fargo Bank, N.A. v. La Salle Bank, N.A.*, 643 F. Supp. 2d 1014, 1029 (S.D. Ohio 2009)(Merz, M.J.)

> [Judicial estoppel is] an equitable doctrine developed to "protect the integrity of the judicial process," *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (quotation marks omitted), it "generally prevents a party from

5

> prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000);see also *Reed Elsevier, Inc. v. Muchnick,* No. 08-103, U.S. , 130 S. Ct. 1237, 176 L. Ed. 2d 18, 2010 U.S. LEXIS 2202, *27 (Mar. 2, 2010).

*United States v. Turner*, 602 F.3d 778, 783 (6th Cir. 2010)(Sutton, J.).

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Riddle claims his appellate counsel was ineffective for dismissing the appeal "without advising Riddle that the issues of subject matter jurisdiction, statute of limitations, and actual innocence are properly brought on direct appeal." Because Riddle waived his right to appeal in the 2011 plea agreement, he would have had no basis to raise any of these claims except the statute of limitations issues, which he preserved for appeal in the plea agreement. The Report concluded this Ground for Relief should be dismissed on that basis.

Riddle now says the decision to voluntarily dismiss the appeal was not knowing, intelligent, and voluntary. But the waiver of appeal was made in the plea agreement in this case, not on appeal. Without having the plea agreement set aside, Riddle could not have raised these other issues on appeal and the limitations issue had no merit.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Amended Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree

6

with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

Jul 22 2014 8:28 AM

X *[signature]* ✓
Michael R. Merz

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).