IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

    Plaintiff,        :        Case No. 1:11-cr-099
                                                      Also Case No. 1:13-cv-123

                                                      Chief Judge Susan J. Dlott
    -vs-                                        Magistrate Judge Michael R. Merz
                                                      :

RODNEY RIDDLE,

    Defendant.

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

This case is before the Court on Defendant's "Motion for Reconsideration/Leave to Respond/Motion to Withdraw (Doc. No. 161).

On May 16, 2014, the Magistrate Judge filed a Report and Recommendations on the merits of Riddle's Amended Motion to Vacate (Doc. No. 156). Riddle objected on June 9, 2014 (Doc. No. 158) and Chief Judge Dlott recommitted the Report (Doc. No. 159). Fed. R. Civ. P. 72(b)(1) provides for objections to a report and recommendations to be filed within fourteen days of the report. It further provides "A party may respond to another party's objections within 14 days after being served with a copy." On June 17, 2014, within the time allowed by law, the Government responded to Riddle's objections as permitted un Fed. R. Civ. P. 72(b). Almost a month later, on July 11, 2014, Riddle filed his Response to the Government's Response (Doc. No. 161).

The Federal Rules of Civil Procedure, particularly Rule 72, do not provide for the

1

objecting party to file another document in support of his or her objections. Since the Rules do not provide for such a filing, a party must seek leave of court to file such a document and Riddle did not do so. Accordingly, the Magistrate Judge struck the Response (Doc. No. 162 at PageID 1283). Riddle now asks the Court to reconsider that striking and weigh the contents of the Response.

Fed. R. Civ. P. 72 provides an objecting party with one opportunity to make objections. Therefore if Riddle had timely requested leave to reply to the Government's Response, the Court would have granted that leave only if Riddle sought to reply to something new which had been introduced by the Government in its Response. Riddle has not done that in his Motion.

"As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. Rehab. & Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3rd Cir. 1985).

Riddle's Motion for Reconsideration does not meet the general criteria for such motions. Therefore his Motion for Reconsideration is DENIED. His alternative Motion to Withdraw is GRANTED. Riddle may of course incorporate any relevant points from his Response (Doc. No. 161) in any objections he may file to the pending Supplemental Report and Recommendations (Doc. No. 162).

Jul 29 2014 11:09 AM



Michael R. Merz